IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NICKELL JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 13-2731-STA-dkv |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING INITIAL MOTION PURSUANT TO 28 U.S.C. § 2255**
**ORDER GRANTING MOTION TO SUPPLEMENT (ECF NO. 10)**

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Nickell Jackson ("Jackson"), Bureau of Prisons register number 18145-076, an inmate at FCI-Memphis in Memphis, Tennessee (§ 2255 Motion, ECF No. 1.) For the reasons stated below, Jackson's § 2255 initial Motion is **DENIED**, and his Motion to Supplement is **GRANTED**.

## BACKGROUND

**I. Procedural History**

**A.    Criminal Case No. 07-20289**

On September 25, 2007, a federal grand jury sitting in the Western District of Tennessee returned an indictment against Jackson, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Indictment, *United States v. Nickell Jackson*, 2:07-cr-20289-JDB (W.D. Tenn.), ECF No. 1.) Jackson entered a plea of not guilty, and the Court appointed counsel to represent him. On November 23, 2007, Jackson filed

1

a motion to determine his mental competency under 18 U.S.C. § 4241. Based on the results of the evaluation, Jackson was found to be competent to stand trial. Thereafter, pursuant to an agreement with the United States, Jackson changed his plea to guilty at a change of plea hearing on March 3, 2008. On August 20, 2008, United States District Judge J. Daniel Breen sentenced Jackson to a term of imprisonment of 180 months to be followed by three years' supervised release and imposed a special assessment of $100. (*See* Judgment, ECF No. 35.) Jackson did not take a direct appeal.

B.     Civil Case No. 13-2731

On September 18, 2013, Jackson filed his *pro se* § 2255 Motion, raising claims based on the United States Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Peugh v. United States*, 133 S.Ct. 2072 (2013). Jackson argues that his § 2255 Motion is timely because he filed his petition within one year of the Supreme Court's recognition of a new constitutional right in these cases. Jackson further argues that the Court should apply the new rules retroactively to his case. In light of the rule announced in *Descamps*, Jackson first alleges that the Court violated his Sixth Amendment rights by sentencing him under the Armed Career Criminal Act ("ACCA"). According to Jackson, a prior burglary offense committed in 1988 was not a crime of violence before November 1, 1989. As such, the crime cannot count against him to support his sentence under the ACCA. For the second ground supporting his § 2255 Motion, Jackson contends that the Court improperly counted a prior offense of solicitation as a qualifying "serious drug offense" for purposes of the ACCA and thereby ran afoul of *Descamps*. Therefore, Jackson believes he is entitled to relief pursuant to *Descamps* and *Peugh*.

On September 22, 2014, the Court ordered the United States to respond to Jackson's initial § 2255 Motion. The government filed its response in opposition (ECF No. 7) on October

20, 2014. The United States argues that Jackson's § 2255 Motion was filed outside of the one-year statute of limitations applicable to such actions and that the Supreme Court decisions did not apply to start a new clock for filing a § 2255 Motion. Even if Jackson could show that his § 2255 Motion was not time barred, the government argues that his petition would fail on the merits. Jackson's prior burglary offense is specifically enumerated as a "crime of violence" under the ACCA. His argument that the offense could not qualify because he committed it before November 1, 1989 is without support. Likewise, Jackson's claim about his prior solicitation conviction is unavailing. According to the government, the presentence investigative report ("PSR") in his criminal case did not count his solicitation offense as a qualifying offense under the ACCA. Therefore, the Court should dismiss Jackson's petition.

Jackson availed himself of his right to file a traverse (ECF No. 8) to the United States's response. Jackson reiterates his argument that his § 2255 Motion is timely because of the Supreme Court decisions in *Descamps* and *Peugh*. Jackson further argues that the government did not challenge the retroactivity of the decisions and therefore waived any such defense to Jackson's § 2255 Motion. As for the merits, Jackson responds that his trial attorney told him the government would rely on the solicitation offense as a qualifying offense to have Jackson sentenced under the ACCA. In Jackson's words, the United States is now taking another bite at the apple by seeking the opportunity to use one of his other prior convictions as a predicate for his sentence under the ACCA, even though the Court did not base its sentence on the other prior convictions.

On July 20, 2015, Jackson filed a Motion to Supplement his § 2255 Motion for the purpose of adding a claim for relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

3

# STANDARD OF REVIEW

Jackson seeks habeas relief in this case pursuant to 28 U.S.C. § 2255(a). The statute reads as follows:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."[1] A § 2255 motion is not a substitute for a direct appeal.[2] "[N]onconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings."[3] "Defendants must assert their claims in the ordinary course of trial and direct appeal."[4] The rule, however, is not absolute:

> If claims have been forfeited by virtue of ineffective assistance of counsel, then relief under § 2255 would be available subject to the standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In those rare instances where the defaulted claim is of an error not ordinarily cognizable or constitutional error, but the error is committed in a context that is so positively

---

[1] *McPhearson v. United States*, 675 F.3d 553, 558-59 (6th Cir. 2012) (internal quotation marks omitted).

[2] *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *see also Sunal v. Lange*, 332 U.S. 174, 178 (1947).

[3] *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).

[4] *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996).

outrageous as to indicate a "complete miscarriage of justice," it seems to us that what is really being asserted is a violation of due process.[5]

Procedural default bars even constitutional claims that a defendant could have raised on direct appeal, but did not, unless the defendant demonstrates cause and prejudice sufficient to excuse his failure to raise the issues previously.[6] Alternatively, a defendant may obtain review of a procedurally defaulted claim by demonstrating his "actual innocence."[7]

Dismissal of a § 2255 motion is mandatory if the motion, exhibits, and the record of prior proceedings show that the petitioner is not entitled to relief.[8] If the habeas court does not dismiss the motion, the court must order the United States to file its "answer, motion, or other response within a fixed time, or take other action the judge may order."[9] The petitioner is then entitled to reply to the government's response.[10] The habeas court may also direct the parties to provide additional information relating to the motion.[11] The petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence.[12]

---

[5] *Id.*

[6] *See El-Nobani v. United States*, 287 F.3d 417, 420 (6th Cir. 2002) (withdrawal of guilty plea); *Peveler v. United States*, 269 F.3dd 693, 698-99 (6th Cir. 2001) (new Supreme Court decision issued during pendency of direct appeal); *Phillip v. United States*, 229 F.3d 550, 552 (6th Cir. 2000) (trial errors).

[7] *Bousley v. United States*, 523 U.S. 614, 662 (1998); *Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011).

[8] Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts ("Section 2255 Rules").

[9] *Id.*

[10] Rule 5(d), Section 2255 Rules.

[11] Rule 7, Section 2255 Rules.

[12] *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

## ANALYSIS

"A motion filed pursuant to 28 U.S.C. § 2255 is subject to a one-year statute of limitations, with the limitations period beginning to run from the latest of four possible dates."[13]

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[14]

There is no dispute that Jackson did not seek relief within a year of the date on which the judgment in his criminal case became final. "A conviction becomes final when the time for direct appeal expires and no appeal has been filed."[15] The Court entered judgment on August 25, 2008, and Jackson did not take a direct appeal. Therefore, the Court holds that Jackson's § 2255 Motion is clearly time barred under section 2255(f)(1).

In recognition of the fact that he filed his § 2255 Motion some five years after the judgment against him became final, Jackson argues that his § 2255 Motion is timely under section 2255(f)(3). According to Jackson he filed his petition within one year of the date on

---

[13] *Jefferson v. United States*, 730 F.3d 537, 544 (6th Cir. 2013) (quoting *Benitez v. United States,* 521 F.3d 625, 629 (6th Cir. 2008)).

[14] 28 U.S.C. § 2255(f); *Phillips v. United States*, 734 F.3d 573, 580 (6th Cir. 2013).

[15] *Gillis v. United States*, 729 F.3d 641, 644 (6th Cir. 2013).

which the Supreme Court initially recognized the rights asserted in his petition. Jackson specifically relies on the decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *Peugh v. United States*, 133 S.Ct. 2072 (2013), both issued in June 2013. The government has responded that "although the claims raised cite recent case law, there has been no change in precedent that warrants [Jackson]'s sentence to be reconsidered."[16] The Court holds that *Descamps* and *Peugh* did not announce a new constitutional right and that as a result neither decision applies retroactively to cases like Jackson's on collateral review. The Sixth Circuit has held that *Descamps* did not announce a new constitutional rule.[17] Every circuit to have considered the question has agreed that *Descamps* did not recognize a new constitutional right and therefore *Descamps* did not trigger a new limitations period for filing a collateral attack under section 2255(f)(3).[18] For similar reasons, *Peugh* does not save Jackson's time-barred §

---

[16] Respondent's Resp. 2 (ECF No. 7). Jackson argues in his traverse that the Court should apply *Descamps* and *Peugh* retroactively and that the government waived its right to oppose the retroactive application of the cases by failing to make such an argument in its response. The Court finds that the United States did make this argument in its brief, however vague, and thereby gave Jackson adequate notice that the government opposed the timeliness of the § 2255 Motion to the extent that Jackson relied on a retroactive application of *Descamps* or *Peugh*. Jackson argued in his opening memorandum that his § 2255 Motion was timely under 28 U.S.C. § 2255(f)(3) for the sole reason that the Supreme Court had announced new constitutional rules in in *Descamps* and *Peugh*. Jackson's argument therefore squarely presented the issue of whether *Descamps* and *Peugh* could apply retroactively in his case. The government contested the timeliness of Jackson's § 2255 Motion in its response by simply stating that these "recent decisions" did not apply to render Jackson's untimely petition timely. Jackson returned to the retroactive application of *Descamps* and *Peugh* in his traverse. Under the circumstances, the Court finds that the parties have fairly raised the retroactivity issue as part of their dispute over whether Jackson's § 2255 Motion is time barred.

[17] *United States v. Davis*, 751 F.3d 769, 775 (6th Cir. 2014) ("The Supreme Court in *Descamps* explained that it was not announcing a new rule, but was simply reaffirming" an existing approach.).

[18] *Mays v. United States*, 817 F.3d 728, 734 (11th Cir. 2016); *Headbird v. United States*, F.3d 1092, 1097 (8th Cir. 2016); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015); *Groves v.*

7

2255 Motion. The Sixth Circuit, and every circuit to have addressed the matter, has held that *Peugh* does not apply retroactively to cases on collateral review.[19] Therefore, Jackson cannot show that he filed his § 2255 within the limitations period under section 2255(f)(3).

Having determined that Jackson did not file his § 2255 Motion within the one-year statute of limitations, the Court finds no grounds for equitable tolling of the one-year statute of limitations. "[E]quitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."[20] The statute of limitations for motions under § 2255 is subject to equitable tolling.[21] A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[22] "Equitable tolling is granted sparingly and is evaluated on a case-by-case basis with the petitioner retaining the ultimate burden of persuading the court that he or she is entitled to equitable tolling."[23] Jackson has raised no grounds to demonstrate why equitable

---

*United States,* 755 F.3d 588, 593 (7th Cir. 2014); *United States v. Montes*, 570 F. App'x 830, 831 (10th Cir. 2014).

[19] *Rogers v. United States*, 561 F. App'x 440, 443 (6th Cir. 2014); *see also Conrad v. United States*, 815 F.3d 324, 328 (7th Cir. 2016); *Talik v. Warden Lewisburg USP*, 621 F. App'x 94, 96 (3d Cir. 2015); *Herrera–Gomez v. United States*, 755 F.3d 142, 146 (2d Cir. 2014); *Hawkins v. United States,* 724 F.3d 915, 917–18 (7th Cir. 2013).

[20] *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted).

[21] *Jefferson*, 730 F.3d at 549.

[22] *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

[23] *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 462 (6th Cir. 2012).

tolling would be appropriate in this case. Therefore, Jackson's claims in his initial petition are dismissed as time-barred, and the Motion Under § 2255 is **DENIED** as to these claims.

This leaves only Jackson's Motion to Supplement his petition and add a claim based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For good cause shown, Jackson's Motion to Supplement is **GRANTED**. Jackson's claim for relief under *Johnson* will be considered and addressed pursuant to Administrative Order 2016-21, which directs the United States Probation Office to conduct an initial review of each motion filed under 28 U.S.C. § 2255 in this District where the petitioner seeks relief under *Johnson*. Upon completion of the initial review of Jackson's case, the Court will issue a ruling on the merits of Jackson's claim under *Johnson*.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 18, 2016.