IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

| NICKELL JACKSON, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
| v. | ) | No. 13-2731-STA-dkv |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

___

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
DENYING CERTIFICATE OF APPEALABILITY
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL
___

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion") filed by Petitioner Nickell Jackson ("Jackson"), Bureau of Prisons register number 18145-076, an inmate at FCI-Memphis in Memphis, Tennessee (§ 2255 Motion, ECF No. 1), as amended in Jackson's July 20, 2015, motion to supplement his § 2255 based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). For the reasons stated below, Jackson's § 2255 Motion for *Johnson* relief is **DENIED**.

**BACKGROUND**

The Court set out the complete procedural history of Jackson's underlying criminal case and his initial § 2255 Motion in a previous order and need not restate it here. Briefly, Jackson entered into a plea agreement with the United States and agreed to plead guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 20,

1

2008, United States District Judge J. Daniel Breen sentenced Jackson to a term of imprisonment of 180 months to be followed by three years' supervised release and imposed a special assessment of $100. (*See* Judgment, ECF No. 35.) Jackson did not take a direct appeal. Jackson filed his *pro se* § 2255 Motion on September 18, 2013. On May 18, 2016, the Court entered an order holding that Jackson's claims for relief in his initial petition were time-barred. However, the Court allowed Jackson to supplement his petition to add a request for review under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Pursuant to Administrative Order 2016-21, the United States Probation Office conducted an initial review of Jackson's claim under *Johnson v. United States*. On July 29, 2016, the probation officer submitted a memorandum to the Court, recommending that Jackson was not entitled to any relief under *Johnson*.

## ANALYSIS

### I. Claim for Johnson Relief

The Court holds that Jackson is not entitled to relief pursuant to *Johnson v. United States*, 135 S. Ct. 2251 (2015). The Supreme Court in *Johnson* explained that the United States Code makes it a crime against the United States for certain classes of persons, such as convicted felons, to possess firearms and provides for a punishment of up to ten years' imprisonment.[1] The Armed Career Criminal Act increases the penalty for unlawful possession of a firearm where the offender has "three or more earlier convictions for a 'serious drug offense' or a 'violent felony'" and sets a minimum term of imprisonment of 15 years and a maximum of life.[2] The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one

---

[1] *Johnson v. United States*, 135 S. Ct. 2251, 2255 (2015) (citing 18 U.S.C. § 924(a)(2)).

[2] *Id.* (citing 18 U.S.C. § 924(e)(1)).

year . . . that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."[3] The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" has come to be known as the ACCA's residual clause.

In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally void for vagueness.[4] *Johnson* left the ACCA's use-of-force clause and enumerated offenses clause undisturbed. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court subsequently held that, as applied to ACCA cases, *Johnson* is a new substantive rule of constitutional law that has been made retroactive to cases on collateral review, and therefore, defendants can bring initial or successive 28 U.S.C. § 2255 petitions challenging their sentences enhanced under the ACCA's residual clause.

The Court sentenced Jackson as an armed career criminal based on five prior convictions under Tennessee law: (1) Burglary II (committed in 1988); (2) Aggravated Robbery (two cases, both committed in 1993); (3) Aggravated Robbery (also committed in 1993); (4) Criminal Attempt-Burglary and Reckless Endangerment-Use of a Deadly Weapon; and (5) Reckless Aggravated Assault. However, the Supreme Court's intervening decision in *Johnson* had no effect on Jackson's sentence as an armed career criminal because none of Jackson's prior felony offenses implicate the ACCA's residual clause. First, the Sixth Circuit held in *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012), a prior conviction under Tennessee's second degree

---

[3] 18 U.S.C. § 924(e)(2)(B)

[4] *Johnson*, 135 S. Ct. at 2257.

3

burglary statute (Burglary II) constituted a "violent felony" for purposes of the ACCA's enumerated offenses clause and comported with the generic definition of burglary.[5] In light of *Jones*, the Court holds that Jackson's prior conviction for Burglary II remains a "violent felony" under the enumerated offenses clause of the ACCA. The Court would add that according to the Presentence Investigative Report, Jackson has a second Burglary II conviction from 1988, which would also qualify as a "violent felony" for purposes of the ACCA.

Second, Jackson's Aggravated Robbery convictions qualify as violent felonies under the ACCA's use-of-force clause. Jackson's Aggravated Robbery convictions were based on Tenn. Code Ann. § 39-13-402, which defines certain aggravating factors and applies them to Tennessee's robbery statute, Tenn. Code Ann. § 39-13-401. In *United States v. Mitchell*, 743 F.3d 1054 (6th Cir. 2014), the Sixth Circuit held that robbery under Tenn. Code Ann. § 39-13-401 was categorically a "violent felony" for purposes of the ACCA, specifically under the use-of-force clause.[6] And in *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), a case decided after the Supreme Court's decision in *Johnson*, the Sixth Circuit held that *Johnson* did nothing to alter its previous holding in *Mitchell*.[7] It follows that Aggravated Burglary also constitutes a "violent felony" under the ACCA's use-of-force clause. Therefore, Jackson's two prior Aggravated Burglary convictions continue to qualify as violent felonies under the ACCA's use-of-force clause.

---

[5] *United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012).

[6] *United States v. Mitchell*, 743 F.3d 1054, 1060 (6th Cir. 2014).

[7] *United States v. Priddy*, 808 F.3d 676, 686 (6th Cir. 2015).

Having determined that at least three of Jackson's prior felony convictions continue to be "violent felonies" for ACCA purposes and do not implicate the ACCA's residual clause, the Court holds that Jackson is not entitled to relief under *Johnson*. Therefore, Jackson's §2255 Motion for Johnson relief must be **DENIED**.

**II. Appeal Issues**

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right."[8] No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue(s) that satisfy the required showing.[9] A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[10] A COA does not require a showing that the appeal will succeed.[11] Courts should not issue a COA as a matter of course.[12]

In this case, for the reasons previously herein and in the previous order of the Court, the issues raised by Jackson in support of his § 2255 Motion lack substantive merit and, therefore, he

---

[8] 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b).

[9] 28 U.S.C. §§ 2253(c)(2) & (3).

[10] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same).

[11] *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814-15 (6th Cir. 2011).

[12] *See Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

5

cannot present a question of some substance about which reasonable jurists could differ. Therefore, the Court **DENIES** a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. §§ 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions.[13] Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a).[14] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.[15] However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.[16]

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[17]

---

[13] *See Kincade v. Sparkman*, 117 F.3d 949, 951 (6th Cir. 1997).

[14] *Id.* at 952.

[15] *See* Fed. R. App. P. 24(a)(1).

[16] *See* Fed. R. App. P. 24(a) (4)-(5).

[17] If Jackson files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within 30 days.

## CONCLUSION

Jackson's Motion to Vacate Judgment pursuant to 28 U.S.C. § 2255 is **DENIED**. The Court further denies Jackson a certificate of appealability, denies leave to proceed in forma pauperis on appeal, and certifies that any appeal in this case would not be taken in good faith.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: August 17, 2016.