IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| NICKELL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 13-2731-STA-dkv |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING MOTION TO SUPPLEMENT**

Before the Court is Petitioner Nickell Jackson's *pro se* Motion to Supplement his § 2255 Motion (ECF No. 19) filed on August 25, 2016. Jackson seeks leave to supplement his § 2255 with an argument that his prior burglary convictions under Tennessee law no longer qualify as crimes of violence under the Armed Career Criminal Act ("ACCA"). For support Jackson cites the United States Supreme Court's recent decision in *Mathis v. United States*, No. 15-6092, June 23, 2016. The Court finds that Jackson's Motion to Supplement is not well taken. The Court dismissed all claims in Jackson's initial § 2255 on May 18, 2016. The Court dismissed Jackson's remaining claim for relief under *Johnson v. United States* on August 17, 2016, and entered judgment. According to Jackson's certificate of service, he mailed his Motion to Supplement on August 23, 2016. However, Jackson's Motion does not show why the Court should disturb what is now a final judgment.

Moreover, Jackson's argument appears to be that *Mathis* was an intervening change in controlling authority. The Supreme Court held in *Mathis* that "the elements of Mathis's crime of conviction (Iowa burglary) cover a greater swath of conduct than the elements of the relevant

1

ACCA offense (generic burglary)" and therefore did not meet the ACCA's generic definition of burglary. However, the Court held in its order dismissing Jackson's claim for *Johnson* relief that under Sixth Circuit precedent, Jackson's burglary convictions under Tennessee law continued to be qualifying violent felonies under the ACCA's enumerated offenses clause. Nothing in *Mathis* altered the Sixth Circuit's previous holding in *United States v. Jones*, 673 F.3d 497 (6th Cir. 2012). As such, the Court remains bound to apply *Jones*. Therefore, Jackson's supplemental claim based on *Mathis* would be futile. The Motion to Supplement is **DENIED**.

**IT IS SO ORDERED.**      s/ S. Thomas Anderson
　　　　　　　　　　　　　　　S. THOMAS ANDERSON
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

　　　　　　　　　　　　　　　Date: August 26, 2016.